# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## NO. 3:18-cv-47-GCM

| | |
|---|---|
| **MARIA SUYAPA VELAZQUEZ,**<br><br>**D. A. E. V.,** *a minor*<br><br>       **Petitioners,**<br><br>**v.**<br><br>**D.L. Kunde,** *Supervisory Detention & Deportation Officer, ICE*, **and**<br><br>**Immigration & Customs Enforcement**<br><br>       **Respondents.** | **ORDER** |

      **THIS MATTER** is before the Court on the Emergency Petition for Writs of Habeas Corpus (Doc. No. 1) filed jointly by Petitioners Maria Suyapa Velazquez and D.A.E.V., a minor.

      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 2241. Petitioners seek a stay of deportation, a stay of detention, and a stay of Immigration and Customs Enforcement's ("ICE") orders to report for deportation until the Board of Immigration Appeals decides the pending motions to reopen filed with the Board by Petitioners.

      Petitioners bear the burden of showing that the circumstances justify the exercise of this Court's discretion in granting a stay. There are four elements that a movant must establish to obtain stays of removal and related relief: (1) likelihood of success on the merits, (2) irreparable injury, (3) harm to other parties, and (4) public interest. *Niken v. Holder*, 556 U.S. 418, 434 (2009).

First, although Petitioners have previously been denied asylum, withholding of removal, and Torture Convention Relief, they argue that new evidence supports their claims that deportation would violate their due process rights. Their arguments against deportation rest on claims that they would be subjected to violence if forced to return to Honduras. In support of this argument, they state that D.A.E.V.'s father was murdered, that D.A.E.V. was forcibly kidnapped by a local leader of MS-13 in Honduras, and that D.A.E.V. was forced to participate in MS-13 activities as a 10-year-old. Most recently, Ms. Velasquez's nephew was tortured and murdered by members of MS-13. Petitioners claim that no one has been arrested or prosecuted for this murder and that the government of Honduras is unwilling or unable to provide protection for Ms. Velasquez and D.A.E.V. Finally, and most pertinent to this issue, is Petitioners' claim that the Department of Homeland Security had evidence of MS-13's persecution of Ms. Velasquez that was not considered by the immigration judge and the Board of Immigration Appeals. Based on these allegations and others submitted by Petitioners in their declarations, the Court finds that—if proven—these facts show a likelihood of succeeding in their claim that they were denied due process in their prior immigration hearing.

Second, Petitioners have made a showing that they will experience irreparable injury via deportation and the risk of violence and persecution if they are deported.

Third, Petitioners have made a showing that there is little harm to the Government of issuing a temporary stay in this matter.

Fourth, Petitioners have shown that the public interest lies in protecting constitutional rights of due process.

Accordingly, this Court finds that Petitioners have shown good cause at this point to issue a temporary restraining order staying their removal.

**IT IS THEREFORE ORDERED** that

(1) Petitioners' removal is temporarily stayed;

(2) ICE is temporarily restrained from removing Petitioners, ordering Petitioners to report for deportation, and taking Petitioners into custody;

(3) Petitioners are not required to report for deportation at 9am on January 31, 2018;

(4) A hearing is set in this matter for Petitioners to prove that a stay is warranted—and that the allegations of new evidence contained in their declarations are true—on **Thursday, February 1, 2018** at **10am** in Courtroom 2-2. Petitioners are required to be present in court on Thursday for the hearing.

**SO ORDERED.**

Signed: January 30, 2018

Graham C. Mullen
United States District Judge